UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMASTINE GORDON,

        Plaintiff,

Case No. 1:06-cv-98

Hon. Hugh W. Brenneman, Jr.

vs.

PLANNED PARENTHOOD,

        Defendant.

_____/

**ORDER**

This matter is now before the court on defendant's motion to strike unsupported allegations and inadmissible statements included in pro se plaintiff's brief opposing summary judgment (docket no. 54).

**I.      Background**

Defendant seeks to strike certain evidence submitted with plaintiff's "Brief in opposition to defendant's summary judgment" ("plaintiff's brief") (docket no. 52) as improper. This evidence falls into three categories:  1) witness statements and information presented as part of an unemployment hearing at the Michigan Employment Security Commission ("MESC");  2) certain unsupported and unsworn allegations set forth in plaintiff's response brief; and 3) new statements by plaintiff regarding protocol at the clinic which contradict her earlier deposition testimony.

**II.     Legal standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). Under Fed. R. Civ. P. 56(e), "affidavits supporting a motion for summary judgment must: (1) be made on personal knowledge; (2) set forth facts as would be admissible in evidence; and (3) show that the affiant is competent to testify on the matters contained in the affidavit." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). "[S]worn or certified copies of all documents referred to in an affidavit must also be attached to the affidavit." *Id.* Finally, "documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded.*" Id.*

### III.    MESC evidence

Plaintiff's brief includes two exhibits arising from her unemployment hearing before the MESC. Exhibit A consists of portions of testimony from Janet Isabell, identified as a women's health care nurse practitioner at defendant Planned Parenthood. Exhibit B consists of a portion of a brief from the Michigan Attorney General, filed in a state court case, *Planned Parenthood Centers v. Hermastine Gordon*, 17th Circuit Court Case No. 05-06010-AE, which cites Isabell's testimony. Defendant contends that Ms. Isabell's testimony given in the MESC hearing is not admissible in this suit. The court agrees.

The Michigan Employment Security Act, MCL § 421.11(b)(1) prohibits the use of information obtained at an MESC hearing in subsequent civil proceedings:

> (b)(1) Information obtained from any employing unit or individual pursuant to the administration of this act, and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or open to public inspection other than to public employees in the performance of their official duties under this act in any manner revealing the individual's or the employing unit's identity. However, all of the following apply:
>
> > (i) Information in the commission's possession that might affect a claim for worker's disability compensation under the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.101 to

>    418.941, shall be available to interested parties, regardless of whether the commission is a party to an action or proceeding arising under that act.
>
>    (ii) Any information in the commission's possession that may affect a claim for benefits or a charge to an employer's experience account shall be available to interested parties.
>
>    (iii) Except as provided in this act, the information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision (2).
>
>    (iv) Any report or statement, written or verbal, made by any person to the commission, any member of the commission, or to any person engaged in administering this act is a privileged communication, and a person, firm, or corporation shall not be held liable for slander or libel on account of a report or statement. The records and reports in the custody of the commission shall be available for examination by the employer or employee affected.

MCL § 421.11(b)(1).

The exceptions in "subdivision (2)" referenced in MCL § 421.11(b)(1)(iii) do not apply to plaintiff's present claim. As the court observed in *Summerville v. Esco Co. Ltd. Partnership*, 52 F.Supp.2d 804, 811-12 (W.D.Mich. 1999):

>    Subdivision (2), added in a 1993 amendment, authorizes the disclosure of information to qualified requesting agencies who are investigating a claim under Aid to Families with Dependent Children, Medicare, or other social welfare programs. *See* M.C.L. § 421.11(b)(2). . .[T]he amended statute does not create an exception allowing the use of information obtained by the MESC any time there is a civil proceeding, but only when a requesting agency is investigating a claim of welfare fraud.

Plaintiff seeks to introduce Ms. Isabell's testimony, which was given at an MESC hearing. However, this testimony is not not admissible in this suit, because the MESC is not a party and no statutory exception applies. This inadmissible evidence cannot be considered by this court

on defendant's motion for summary judgment. Fed. R. Civ. P. 56(e); *Summerville*, 52 F. Supp. 2d at 812.

Accordingly, both the transcript of Ms. Isabell's MESC testimony (Exh. A) and the Attorney General's brief citing to that testimony in the 17th Circuit Court case (Exh. B) will be stricken from plaintiff's response.

### IV.     Plaintiff's unsupported allegations set forth in her brief

Plaintiff's brief also includes several pages of allegations and statements opposing defendant's motion for summary judgment. Defendant seeks to strike the following allegations because they are not supported by an affidavit as required by Rule 56(c) and (e):

1. Clinician is required to review clients chart prior to providing signature. In cases of time constraints, clinician relies on Gordon [plaintiff], HCS-1, to rule out contra-indications, verse them on chart content, and provide a verbal authorization. Clinician signs the chart after the fact.

2. Responsibility for signature falls to clinician, not Gordon, HCS-1, once a verbal authorization has been provided.

3. Adequate training not provided to staff in terms of how the new procedures would unfold. No appropriate written or verbal process was provided describing step-by-step actions of new policy.

4. No indications verbally or in writing that termination of employment would be the result of not obtaining signature from clinician.

5. Information regarding time frame for obtaining signature from clinician and time client was allowed to leave facility is not provided.

6. Update meeting of January 16, 2004, essentially provided information on the need to change the ECP dispensing process, and its relationship to compliance and future goals for meeting accreditation. Never in the meeting was detailed information provided on the step-by-step procedures, and the assumption was data [sic] forthcoming. Never once was an effective date given as to when this new practice would be in place. The accreditation was scheduled for August 2004, so it was thought that further training would be coming.

>    7.    Rosema removed some of Gordon's job responsibilities and assigned them to other staff with less seniority.

Plaintiff's Brief in Opposition to Summary Judgment.[1]  Even in response to defendant's motion to strike, plaintiff has failed to submit these allegations in affidavit form.

The court agrees with defendant that since these statements are not set forth in an affidavit they are not sufficient to create a genuine issue of material fact under Fed. R. Civ. P. 56. While plaintiff is a pro se litigant, she is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991).  A pro se litigant, whether plaintiff or defendant, is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000).  *See, e.g., Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("[p]ro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines").

In addition, defendants seek to strike allegations 2, 5 and 6 above on the ground that these allegations contradict plaintiff's sworn deposition testimony.  Even if plaintiff had executed an affidavit, the court would disregard any statements in that affidavit that contradicted her earlier deposition testimony.  It is well-established that "[a] party cannot create a genuine issue of material fact by filing an affidavit after a motion for summary judgment has been made, that essentially contradicts her earlier deposition testimony." *Hughes v. Vanderbilt* University, 215 F.3d 543, 549 (6th Cir. 2000), *quoting Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

---

[1] These statements appear in plaintiff's brief as separate, unnumbered paragraphs, on unnumbered pages.  The court has assigned numbers to the paragraphs in order to facilitate adjudication of this matter.

Accordingly, the court will disregard the statements set forth in plaintiff's brief as establishing issues of material fact pursuant to Fed. R. Civ. P. 56. The court, however, will consider these statements to the extent they otherwise are useful in explaining the reasoning behind plaintiff's arguments in opposition to defendant's motion for summary judgment.

## V. Conclusion

Defendant's motion to strike (docket no. 54) is **GRANTED** with respect to testimony given at the MESC hearings and **GRANTED in part** and **DENIED in part** with respect to the statements as set forth in plaintiff's brief, as set forth above..

**IT IS SO ORDERED.**

Dated:  September 20, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge